UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Daniel E. Ayer, Sr.**

    **v.**　　　　　　　　　　　　　　Case No. 04-cv-434-PB

**Bruce Cattell, Warden, NHSP**

### O R D E R

Daniel Ayer argues in a habeas corpus petition that the State of New Hampshire violated his constitutional right not to be prosecuted twice for the same offense when it retried him following his successful appeal.

This is not a close case. A federal court may not grant a habeas corpus petition because of a legal error unless the state court ruling under review "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."[1]  28 U.S.C. § 2254(d)(1).  Neither circumstance

---

[1] A federal court may also grant a habeas corpus petition when a state court's resolution of a question of federal law is based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Ayer does not argue that the state court's ruling was based on an unreasonable factual determination.

is present here.

The state court's decision to permit a retrial was not contrary to Supreme Court precedent because that precedent makes clear that a state ordinarily is free to retry a defendant whose conviction has been vacated on appeal.  See United States v. DiFrancesco, 449 U.S. 117, 130-31 (1980); Burks v. United States, 437 U.S. 1, 15-17 (1978).  "The only established exception to this rule is where reversal of the conviction is grounded on insufficiency of the evidence."  United States v. Singer, 785 F.2d 228, 238 (8th Cir. 1982).  Ayer's reliance on Oregon v. Kennedy, 456 U.S. 667 (1982), for the proposition that a retrial following a successful appeal is prohibited if the appeal was provoked by prosecutorial or judicial misconduct is misplaced.  Though Kennedy involved a double jeopardy challenge in the context a retrial following a mistrial, the Supreme Court has yet to apply Kennedy to cases in which a retrial is required because of a successful appeal.  See, e.g., Greyson v. Kellam, 937 F.2d 1409, 1414 (9th Cir. 1991) (noting the issue).

The state court's decision to retry Ayer also did not involve an unreasonable application of Supreme Court precedent. Kennedy requires a finding of prosecutorial or judicial

misconduct to support a double jeopardy claim.  456 U.S. at 674.
The record in this case contains no such evidence.  Thus, the
state court did not act unreasonably in failing to apply <u>Kennedy</u>
to bar Ayer's retrial even if its holding reasonably could be
extended to cover a retrial following a successful appeal.

    Respondent's motion for summary judgment (Doc. No. 19) is
granted.

    SO ORDERED.

```
                                    _____
                                    Paul Barbadoro
                                    United States District Judge
July 8, 2005

cc:   Daniel E. Ayer, Sr.
      Simon R. Brown, Esq.
```